**In the United States District Court
Western District of Arkansas
Harrison Division**

**Kandis K. Smith, on behalf of herself
and others similarly situated**                                                                    **Plaintiff**

**V.**                          **Case No. 3:18-CV-3044-TLB**

**Midland Funding LLC
Midland Credit Management, Inc.**                                                           **Defendants**

**Joint Rule 26(f) Report**

**1. Plaintiff's Statement of the Case.**

In 2008, Kandis K. Smith defaulted on a World Financial Network National Bank (World Bank) credit card account branded for Catherines. World Bank charged-off the account on or about December 26, 2008. The five-year statute of limitations to file a lawsuit against Smith for breach of contract on the credit card account ran sometime in 2013. Midland Funding LLC eventually purchased the defaulted credit card account. Midland Credit Management, Inc., began trying to collect on the account for Midland Funding and from Smith. On March 1, 2017, about four years after the statute of limitations had ran to file a lawsuit against Smith for breach of contract on the account, Midland Credit Management sent Smith a collection letter. Smith received the letter at her home in Berryville, Arkansas. Smith alleges that the collection letter violates the Arkansas Fair Debt Collection Act, Ark. Code Ann. § 17-24-501, *et seq.*, because it attempted to deceive Smith into making payments to the debt, which would revive the debt from the statute of limitations under Arkansas law. The collection letter fails to explain the consequences of making a payment towards the debt (i.e. the revival of the debt from the statute of limitations under Arkansas law). Smith seeks to represent a class of Arkansas citizens similarly situated to herself – Arkansas citizens who received the same collection letter – and seeks to recover her statutory damages,

actual damages for class members, and attorneys fees and costs.

**2. Defendants' Statement of the Case.**

The language included in the collection letter is a verbatim recitation of the language Midland was legally obligated to provide, pursuant to a Consent Decree with the Consumer Financial Protection Bureau, in order to avoid any confusion about the legal enforceability of time-barred debts. The omission of an additional disclosure regarding the potential consequences of partial payment does not render the letter "deceptive" or "misleading," and, in any event, would not be material to the least sophisticated consumer. Indeed, it is well-settled that "the FDCPA does not prohibit a collection agency from requesting payment on a time-barred debt, *even if the collection agency does not disclose that the debt is time-barred and that any partial payment or acknowledgment would result in the debt's revival*, as long as in doing so, *the collection agency does not threaten or commence litigation.*" Price v. M.R.S. Assocs., Inc., 2014 WL 2930723, at *3 (E.D.N.C. June 27, 2014) (citing *Freyermuth v. Credit Bureau Servs.,* 248 F.3d 767, 771 (8th Cir. 2001)) (emphases added). The letter confirms not only the absence of any threat of litigation, but also that Midland expressly stated that "*we will not sue you*" based on "*the age of this debt.*" (Doc. 3, at 19).

Even if *Freyermuth* were not controlling, the language used by Midland is not false, misleading, or deceptive. Midland's representation that it will not sue on the debt was truthful unless Midland later threatened or filed a lawsuit claiming that the debtor's partial payment revived the statute of limitations. That did not happen here. Not only has Ms. Smith not actually made any partial payments to Midland, either in response to the collection letter or otherwise, Midland also has policies and procedures in place that it will not restart the statute of limitations based on a partial payment, even if state law allows it to do so.

**3. Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**

**RESPONSE:** No.

**4. Are there any Objections to the timing of Rule 26(a) Initial Disclosures?**

**RESPONSE:** No. Initial Disclosures will be provided by the date stated in the initial scheduling order – June 12, 2018.

**5. Agreed Document Productions.**

**RESPONSE:** Plaintiff will produce the collection letters attached as exhibits to the complaint.

Plaintiff agrees to provide the following documents: the collection letters attached as exhibits to the complaint.

Defendants agree to provide the following documents: guidance documents within Midland's possession (including those from administrative agencies) regarding statute of limitations disclosures and treatment of same; relevant portions of Midland's policy and procedure manuals, including but not limited to those portions related to Midland's treatment of payments for purposes of the statute of limitations, which will be produced pursuant to a protective order.

**6. Discovery.**

**6(a). How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?**

**RESPONSE:** The parties agree that discovery can be completed in 12 months, as contemplated by the Court's Schedule F for class actions.

**6(b). Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules? If so, please explain.**

**RESPONSE:** No.

**6(c). Do the parties seek to increase the maximum number of depositions allowed per side? If yes, please explain the necessity and state how many depositions per side are proposed.**

**RESPONSE:** Not at this time.

**6(d). Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex. If your answer is "Complex," then please complete and attach Schedule A.**

**RESPONSE:** The Parties anticipate the scope and extent of electronic discovery to be fairly simple and routine. The parties agree to work cooperatively during all aspects of discovery to ensure that the costs of discovery are proportional to what is at issue in the case. Moreover, there is no need to preserve, and neither party is entitled to discovery of ESI that is "not reasonably accessible."

**6(e). Do you anticipate the use of Expert Witnesses at trial? If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).**

**RESPONSE:** The Parties presently do not anticipate expert witnesses at trial, but will work cooperatively to propose deadlines should any Party decide an expert witness is necessary.

**6(f). Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**

**RESPONSE:** Yes.

**7. State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

**RESPONSE:** Three days.

**8. State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**

**RESPONSE:** Yes.

**9. Settlement Prospects.**

**RESPONSE:** The parties generally discussed settlement prospects during the Rule 26(f) Conference, but believe settlement negotiations are premature until the Court rules on the pending motion to remand and, potentially, the pending motion to dismiss.

**10. Special Issues and Schedules.**

_X__ Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00. See attached Schedule C. [If so, please complete and attach Schedule C.]

__X_ Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act. [If so, please complete and attach Schedule F.]

**11. Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**

**RESPONSE:** Yes.

                Respectfully submitted,

           By: /s/ Corey D. McGaha
                Corey D. McGaha
                Ark. Bar No. 2003047
                William T. Crowder
                Ark. Bar No. 2003138
                CROWDER MCGAHA, LLP
                5507 Ranch Drive, Suite 202
                Little Rock, AR 72223
                Phone (501) 205-4026
                Fax: (501) 367-8208

cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

Todd M. Turner
Ark. Bar No. 92266
Dan O. Turner
Ark. Bar No. 97179
ARNOLD**C**, BATSON, TURNER & TURNER
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923
Phone: (870) 246-9844
Fax: (888) 866-9897
todd@arnoldbatsonturner.com
dan@arnoldbatsonturner.com

*Attorneys for Plaintiff and the Class*

and

By: /s/ Michael N. Shannon
Michael N. Shannon
Ark. Bar No. 92168
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street
Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1700
Fax: (501) 379-1701
mshannon@qgtlaw.com

**Certificate of Service**

I hereby certify that I filed the foregoing via the Court's CM/ECF system, which will serve all attorneys of record via email.

/s/ Corey D. McGaha