# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**KANDIS K. SMITH**                                                                              **PLAINTIFF**

**V.**                                       **CASE NO. 3:18-CV-03044**

**MIDLAND FUNDING, LLC and**
**MIDLAND CREDIT MANAGEMENT, INC.**                           **DEFENDANTS**

## OPINION AND ORDER

Defendants removed the instant matter to this Court from the Circuit Court of Carroll County, Arkansas, on April 19, 2018. (Doc. 1). The notice of removal stated that the basis for federal jurisdiction was complete diversity of citizenship, plus an amount in controversy exceeding $75,000, as per 28 U.S.C. § 1332(a)(1). The Complaint filed in state court asserted a single cause of action for violations of the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.*, and requested statutory damages of up to $1,000 per Defendant (for a total of $2,000) and reasonable attorney's fees and costs. The Complaint did not disclose a claim for actual damages suffered by Plaintiff as a result of Defendants' allegedly deceptive acts in attempting to collect an old debt.

Now pending before the Court are Plaintiff's Motion to Remand (Doc. 11) and Brief in Support (Doc. 12). Defendants have filed a collective Response in Opposition (Doc. 23) to remand. In the Motion, Plaintiff asserts that amount in controversy is, at most, $2,000 in statutory damages, plus a reasonable amount of attorney's fees and costs. Although Plaintiff brings her case in the form of a putative class action, the amount in controversy for purposes of establishing federal jurisdiction may only be measured as to her individual claims, and cannot be aggregated with the claims of any putative class members. *See*

*Crawford v. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001) (holding that individual class members' claims for statutory damages, punitive damages, restitution, and attorney fees cannot be aggregated to satisfy the statutory minimum for federal jurisdiction). Accordingly, Plaintiff argues that it is implausible to assume, as Defendants have, that the amount of attorney's fees attributable to her individual case will exceed $73,000 and meet the jurisdictional minimum.

Defendants respond, first, that the Motion to Remand is premature, and they ask for time to conduct jurisdictional discovery into the issue of the amount in controversy. The Court rejects this request because the amount of statutory damages demanded by Plaintiff is a set, capped amount, and no amount of jurisdictional discovery will shed light on the issue of what a potential, reasonable attorney's fee will be as to Plaintiff's individual claim. Next, Defendants contend that it is quite plausible that Plaintiff will be awarded attorney's fees and costs in excess of $73,000 on her individual claim. In support of this argument, they cite the Court to an unreported case from the Middle District of Florida called *Baez v. LTD Financial Services, L.P.*, Case No. 6:15-CV-1043 (M.D. Fla. 2015). Defendants believe *Baez* is "the best example of the amount of attorneys' fees at issue in this case," (Doc. 1, para. 24), because *Baez*, like the case at bar, concerned class claims over fair debt collection practices.

In *Baez*, the district court certified a class consisting of 33,993 persons who alleged that the defendant collection company violated the federal Fair Debt Collection Practices Act. After a jury trial, class counsel on behalf of all class members petitioned the court for a collective attorney's fee of $186,450. *See* Case No. 6:15-CV-1043, Doc. 139. As of yet, the court has deferred ruling on the petition for fees until after the appellate court has ruled

on the merits. *See id.* at Doc. 170. Not to be deterred, Defendants in the case at bar argue that *Baez* and the instant case are so similar that this Court may find that the future award of fees in this case will, to a legal certainty, and notwithstanding Plaintiff's protestations to the contrary, exceed $73,000.

As the parties acknowledge in their briefing, this Court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986). The removing party has the burden of showing that jurisdiction in federal court is proper and that the requisite amount in controversy has been met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Here, the Court finds that Defendants have failed to establish that the minimum amount in controversy has been met and that the Court should continue to exert subject matter jurisdiction in this case. Assuming without deciding that the minimum amount in controversy may be calculated by estimating the potential *future* attorney's fee that would be awarded at the end of the litigation, the Court finds that a fee in excess of $73,000 is wildly disproportionate to Plaintiff's claimed damages capped at $2,000, and is not supported by the outcome in *Baez*. The class attorneys in *Baez* made a *request* for fees—as distinguished from receiving an *award* of fees—for $186,450 *on behalf of the entire class*. The class in *Baez* exceeded 30,000 members. The Eighth Circuit has previously held that "fees cannot be aggregated to meet the amount-in-controversy requirement and must be determined on a pro rata basis." *Kessler v. Nat'l Enters.*, 347

F.3d 1076, 1080 (8th Cir. 2003) (internal citation and quotation marks omitted). Therefore, even if the Court were to estimate a pro rata fee in the *Baez* case, based on the aggregate fee demand and the number of class members, there is no plausible way that the pro rata fee would approach $1,000, let alone $73,000.

Defendants have therefore failed to meet their burden of proof that the amount in controversy in this case exceeds $75,000. Accordingly, as it appears to a legal certainty that the claim at issue is for far less than the jurisdictional amount, **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**, and the Clerk of Court is directed to immediately **REMAND** the matter to the Circuit Court of Carroll County, Arkansas, for further disposition. The Court **DECLINES** Defendants' alternative request to condition remand upon Plaintiff and her counsel signing a binding stipulation as to the potential award of attorney's fees and costs.

**IT IS FURTHER ORDERED** that the Motion to Certify Questions to the Arkansas Supreme Court (Doc. 16) is **MOOT** in view of the Court's lack of jurisdiction over this case and decision to remand the matter to state court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **PRESERVED** for the state court.

**IT IS SO ORDERED** on this 19th day of June, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE